**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

GEVA ENGINEERING GRP., CORP.,

    **Plaintiff,**

          **v.**               **CIVIL NO.** 11-1671 (FAB)

FURMANITE AMERICA, INC.,

    **Defendant.**

**OPINION AND ORDER**[1]

BESOSA, District Judge.

    Before the Court is the Report and Recommendation ("R&R"), (Docket No. 51), regarding plaintiff Geva Engineering Grp., Corp.'s, ("Geva") motion to remand this case to the Commonwealth court, (Docket No. 7). Having considered the magistrate judge's recommendations and defendant's objections (Docket No. 52), the Court **MODIFIES IN PART AND ADOPTS IN PART** the R&R (Docket No. 51), and **REMANDS** this case to the Commonwealth court.

**DISCUSSION**

**I.   Background**

    **A.   Procedural Background**

    On June 21, 2011, plaintiff filed a civil action against Furmanite in the Puerto Rico Court of First Instance, San Juan

---

[1] Elizabeth Gray, a second-year student at the University of New Hampshire Law School, assisted in the preparation of this Opinion and Order.

Superior Division, pursuant to Puerto Rico Law 21, P.R. Laws Ann. Tit. 10, § 279(a)[2] ("Law 21"), and Puerto Rico Law 75, P.R. Laws Ann. Tit. 10, § 278(a)[3] ("Law 75"), as well as for monies and commissions owed.  (Docket No. 10-1.)  Law 75, also known as the Dealer's Act, prevents manufacturers from terminating agreements with Puerto Rico dealers without just cause after the dealers have established a local market for the distributor's products. Innovation Mktg. v. Tuffcare Inc., 31 F.Supp. 2d 218, 220 (D.P.R. 1998).  Law 21 works in a similar manner to "protect Puerto Rico sales representatives from arbitrary terminations after they create

_____

[2] Law 21 provides in pertinent part:

> Notwithstanding the existence of a clause in a sales representation contract that reserves the unilateral right of the parties of terminating the existing relationship, no principal or grantor may terminate said relationship, or directly or indirectly perform any act that may impair the established relationship, or refuse to renew said contract upon its regular termination, except for just cause.  P.R. Laws Ann. Tit. 10, § 279(a).

[3] Law 75 provides in pertinent part:

> Notwithstanding the existence in a dealer's contract of a clause reserving to the parties the unilateral right to terminate the existing relationship, no principal or grantor may directly or indirectly perform any act detrimental to the established relationship or refuse to renew said contract on its normal expiration, except for just cause.  P.R. Laws Ann. Tit. 10, § 278(a).

a market for their principals." Id. In a separate cause of action, Geva sued defendants NAS Caribbean Corp. ("NAS") and TSP Total Solution Provider Corporation ("TSP"), allegedly with Furmanite's consent, for tortious interference with its contract with Furmanite pursuant to P.R. Laws Ann. Tit. 31 § 5141. Id. Additionally, Geva requested a preliminary and permanent injunction against Furmanite. Id. In the complaint, plaintiff requests damages, costs, and attorneys' fees against Furmanite, NAS and TSP. Id.

On July 12, 2011, Furmanite removed the case to this Court, alleging that federal jurisdiction was present (1) because the controversy was between citizens of different states, (2) because the amount in controversy exceeds $75,000, 28 U.S.C. § 1332, and (3) because defendants NAS and TSP were improperly joined for the sole purpose of destroying diversity. (Docket No. 1.)

On July 26, 2011, Geva filed a motion to remand the case to the Commonwealth court, arguing that the parties lacked complete diversity of citizenship because both Furmanite and Geva were Puerto Rico companies and they were not improperly joined. Id. at 1-2. Geva also alleged that because Puerto Rico was Furmanite's principal place of business, it also was a citizen of Puerto Rico. (Docket No. 7 at pp. 3-10.) Geva also contended that because NAS

and TSP were both Puerto Rico companies, diversity jurisdiction did
not exist.  Id. at 10-15.  On July 28, 2011, Furmanite filed an
amended Notice of Removal correcting an "involuntary error/mistake"
by changing its primary place of business from Puerto Rico to
Texas.  (Docket No. 8.)  On September 9, 2011, Furmanite filed a
motion to dismiss Plaintiff's Injunctive and Temporary Restraining
Order Petitions.  (Docket No. 21.)

        On December 13, 2011, pursuant to a referral order issued
by the Court, Magistrate Judge Silvia Carreño-Coll filed an R&R,
recommending that plaintiff's motion to remand to the Commonwealth
court be **GRANTED** because the Court lacked diversity jurisdiction.
(See Docket No. 51.)  The magistrate judge found that Furmanite's
primary place of business was Texas.  Id. at 5.  But, applying the
fraudulent joinder test that the First Circuit Court of Appeals has
adopted, the magistrate judge found that NAS and TSP were not
fraudulently joined and that their presence as defendants destroyed
diversity jurisdiction.  Id. at 5-6, 9.  The magistrate judge
determined that Geva's complaint contained sufficient facts to
plead that NAS and TSP had tortiously interfered with Geva's
contract with Furmanite.  Id. at 7-9.  Lastly, the magistrate judge
examined the contractual relationship between Furmanite and Geva
and determined that the contract was not exclusive.  Id. at 8.

On December 30, 2011, defendant Furmanite filed an objection to the R&R, arguing that the magistrate judge erroneously concluded that defendants NAS and TSP were fraudulently joined. (Docket No. 52.)  Plaintiff Geva filed its own objection to the R&R on December 31, 2011.   (Docket No. 53.)   Subsequently, the defendant filed a reply to the plaintiff's objections on January 17, 2012.  (Docket No. 56.)

## II.  Legal Analysis

### A.   Standard Under 28 U.S.C. § 636(b)(1)

A district court may refer, *inter alia*, "a motion . . . to remand an action to the state court[]" to a magistrate judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(a)(9).  Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. See 28 U.S.C. § 636(b)(1)(C); Loc. Rule 72(d).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)). If the objection is merely a "repetition of the arguments [a party] made to the magistrate judge, a *de novo* review is unwarranted" and

the district court need only review the report and recommendation
for clear error.  Latin Am. Music Co. v. Media Power Grp., Inc.,
No. 07-2254, 2011 U.S. Dist. LEXIS 34824, at *4 (D.P.R. March 29,
2011) (internal citation omitted); see Rivera-Garcia v. United
States, No. 06-1004, 2008 U.S. Dist. LEXIS 60305, at *5 (D.P.R.
Aug. 7, 2008) (de novo review not warranted when party's objection
"constitute[d] nothing more than a rehashing of the original
argument made in his original Petition.").  In conducting its
review, the court is free to "accept, reject, or modify, in whole
or in part, the findings or recommendations made by the magistrate
judge."  28 U.S.C. § 636(b)(1)(C); Jasty v. Wright Med. Tech.,
Inc., 528 F.3d 28, 33-34 (1st Cir. 2008).  Furthermore, the court
may accept those parts of the report and recommendation to which
the parties do not object.  See Hernandez-Mejias v. Gen. Elec., 428
F.Supp.2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt
Det. Facility, 334 F.Supp.2d 114, 126 (D.R.I. 2004)).

**B.  Defendant's Objections**

Furmanite objects to the magistrate judge's
recommendation to remand the case to the Commonwealth court.
(Docket No. 52 at p. 3.)  It is undisputed that defendants NAS and
TSP are Puerto Rico-based companies.  (Docket Nos. 51 at p. 5 & 10-
1, p.2, ¶¶ 3, 4.)  Furmanite argues that the two companies were
fraudulently joined (Docket No. 1), and that the magistrate judge

failed to apply the applicable law correctly. (Docket No. 52 at p. 6.)  The Court will review the analysis set forth in the R&R *de novo*.

### 1.  Fraudulent Joinder

A defendant may remove a case to federal court from state court if federal jurisdiction exists.  <u>See</u> 28 U.S.C. § 1441(a).  Removal based upon "diversity jurisdiction requires complete diversity of citizenship." <u>ConnectU LLC. v. Zuckerberg</u>, 522 F.3d 82, 91 (1st Cir. 2008) (internal citation omitted).  This Court has previously prevented a plaintiff from defeating removal jurisdiction by fraudulently joining a party to eliminate complete diversity.  <u>See, e.g.</u>, <u>Renaissance Mktg. v. Monitronics Int'l., Inc.</u>, 606 F.Supp.2d 201, 208-09 (D.P.R. 2009).  As the magistrate judge found in her R&R, the First Circuit Court of Appeals has adopted the test established by the Fifth Circuit Court of Appeals to prove fraudulent joinder.  <u>Id.</u> at 208.  The test requires a defendant to show either (1) that there was "actual fraud in the pleading of jurisdictional facts," or (2) "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>Larroquette v. Cardinal Health 200, Inc.</u>, 466 F.3d 373, 376 (5th Cir. 2006) (quoting <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004).  In cases addressing the second prong, the court typically "conducts a [Rule] 12(b)(6)-

type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." Id. (internal citation omitted).  The district court, at its discretion, may look at materials beyond the pleadings and "conduct a summary [judgment] inquiry" when a plaintiff has incorrectly stated or excluded pertinent facts.  Id.

In conducting a Rule 12(b)(6) analysis, the First Circuit Court of Appeals has adopted a two-pronged approach. Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). First, a court should "identify[] and disregard[] statements in the complaint that merely offer 'legal conclusion[s] couched as . . . fact[] or [t]hreadbare recitals of the elements of a cause of action.'" Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)) (internal citation omitted).  "Merely parrot[ing] the elements of the cause of action" will not suffice.  Id.  Second, a court must treat "non-conclusory factual allegations in the complaint" as true.  Id.  "If that factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Id.

Having established that the magistrate judge followed the appropriate test for fraudulent joinder, the Court

will now apply that test and determine if the plaintiff would be able "to establish a cause of action against the non-diverse party in state court."   See Larroquette, 466 F.3d at 376 (internal quotations and citation omitted).

> ### 2.   Defendant's Objections regarding the Tortious Interference Claim

The defendant specifically objects to the magistrate judge's conclusion that the plaintiff's complaint stated a plausible claim for tortious interference with a contract under Puerto Rico law, and therefore, did not fraudulently join defendants NAS and TSP. (Docket No. 52 at p. 3.) Additionally, Furmanite argues that given the facts of the case, exclusivity is a necessary element in the claim. Id.

Having examined the factual allegations in the complaint, the Court finds the defendant's objections unpersuasive. (See Docket No. 52.) To establish a tortious interference claim, plaintiffs need to show: (1) the existence of a contract, (2) that the defendant interfered with the contract, 3) that the defendant was at "fault," (4) that the plaintiff suffered damages, and (5) that a causal link exists between the plaintiff's damages and the defendant's fault. New Comm Wireless Servs. v. Sprintcom, Inc., 287 F.3d 1, 9 (1st Cir. 2002) (citing Gen. Office Prods.

Civil No. 11-1671 (FAB)                                              10

Corp. v. A.M. Capen's Sons, Inc., 115 P.R. Off. Trans. 727, 734-35
(1984)).

        In regards to the first element, the Supreme Court
of Puerto Rico has stated that to be able to state a claim for
tortious interference, the contract must be for a fixed time
period. A.M. Capen's Co., Inc. v. Am. Trading & Prod. Corp., 200
F.Supp.2d 34, 43-44 (D.P.R. 2002) (citing Dolphin Int'l. of P.R. v.
Ryder Truck Lines, 127 P.R. Dec. 869, 882-83, 1991 WL 735928 (P.R.
Jan. 31, 1991)). Regarding the second and third elements, the
First Circuit Court of Appeals has explained that a plaintiff must
demonstrate that "the defendant intended to interfere with the
contract, knowing that this interference would cause injury to the
plaintiff." New Comm Wireless Servs., 287 F.3d at 10.
Furthermore, neither the Puerto Rico Civil Code nor case law
indicate that "exclusivity" is an element of a claim for tortious
interference with contracts. See P.R. Laws Ann. Tit. 31 § 5141;
New Comm Wireless Servs., 287 F.3d at 9.

        As the magistrate judge found in her R&R, the
plaintiff's complaint stated a plausible claim for tortious
interference with a contract under Puerto Rico law. (Docket No. 51
at p. 7 & 10-1.) In regards to the first element, the plaintiff
sufficiently alleges that a contract containing a definitive
termination date existed. (Docket No. 10-1 at p. 5, ¶ 16.) Geva

expressly alleges that the contract commenced on January 21, 2010, and terminated on January 21, 2011.  Id.  Additionally, Geva sufficiently alleges, under elements two and three, that NAS and TSP interfered with the contract and were at fault.  See id. at p. 5, ¶¶ 20, 24, 28.  The allegation that NAS and TSP approached the plaintiff's clients to inform them that "they (NAS and TSP) [were] assuming representation" would allow a jury to make a reasonable inference that NAS and TSP had knowledge of the contract and willfully interfered with it.  See Huongsten Prod. Imp. & Exp. Co. v. Sanco Metals LLC., No. 10-1610, 2011 U.S. Dist. LEXIS 91642, at *22 (D.P.R. Aug. 16, 2011) ("The aggrieved party need only show or present evidence from which it could be inferred that the third person acted in a willful manner and with knowledge of the existence of the contract.") (internal citation omitted); (Docket No. 10-1 at p. 5, ¶ 28.)  Based upon these facts, the Court **ADOPTS** the magistrate judge's finding that Geva has pled sufficient facts to state a plausible claim for tortious interference with contract against defendants NAS and TSP, and, therefore, those defendants were not fraudulently joined.  (Docket Nos. 51 at pp. 7, 9 & 10-1 at p. 5, ¶¶ 20, 24, 28.)

### 3.   Defendant's Objections Regarding Law 21 and Law 75

The defendant specifically objects to the magistrate judge's determination that Law 21 and Law 75 were not applicable in

the tortious interference with contract analysis.  (Docket No. 52
at p. 3.)   In regards to Law 75, Furmanite argues that (1) that
Geva was not a distributor pursuant to the definition in Law 75,
and (2) that the non-exclusive nature of the relationship allowed
Furmanite to have other distributors.  (Docket No. 52 at pp. 7, 9.)
In regards to Law 21, Furmanite argues that the contract between it
and Geva was non-exclusive, and as such, Furmanite had a legal
right to hire additional sales representatives.  Id. at pp. 6-7, 9.
Furmanite bases its argument upon the magistrate judge's
determination in the R&R that the sales contract was non-exclusive.
See id. at pp. 7, 9; Docket No. 51 at p. 8.

        In applying Puerto Rico Supreme Court authority,
other courts in this district have acknowledged that tortious
interference may occur:  (1) when Law 75 may be applied to the case
and (2) when the distributorship agreement has an expiration date
and is not terminable at will.  A.M. Capen's Co., 200 F.Supp.2d
at 49.  Geva brings its tortious interference cause of action
against defendants NAS and TSP and alleges that Furmanite violated
Law 75.  (See Docket No. 10-1 at p. 8.)  The complaint alleges that
"[w]ith Furmanite's consent, NAS and TSP have made a tortious
intervention [sic] in the sales representative agreement [Law 21]
and the distribution relationship [Law 75] existing between GEVA
and Furmanite."  Id.  Therefore, because this is a case where a

cause of action exists pursuant to Law 75, the Court need only
determine if the contract contained a set termination date and is
not terminable at will.  See A.M. Capen's Co., 200 F.Supp.2d at 49.
As noted in the previous section, the contract in question does
include a set termination date.  (Docket No. 10-1 at p. 5, ¶ 16.)

        Furthermore, as noted by the magistrate judge in the
R&R, Furmanite failed to provide case law to support the
applicability of Law 21 and Law 75 in its Opposition to Plaintiffs'
Motion to Remand.  (Docket No. 51; Docket No. 14.)  Despite an
explicit warning by the magistrate judge, Furmanite's objection to
the R&R was simply a "repetition of the arguments [it] made to the
magistrate judge" that still fails to develop any arguments or cite
authority.  Latin Am. Music Co., U.S. Dist. LEXIS 34824, at *4; see
United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("issues
adverted to in a perfunctory manner, unaccompanied by some effort
at developed argumentation, are deemed waived."); (Docket No. 52.)[4]
As a result, the Court considers Furmanite's Law 21 and Law 75

_____

        [4] Furmanite also objects to the magistrate judge's "finding
that 'Considering the allegations that TSP and NAS approached
Plaintiff's clients in an attempt to steal them away from Plaintiff
- attempts that, according to the allegations, secured Furmanite'
[sic] breach of its contractual duties with Plaintiff, Docket
No. 10-1, ¶¶22, 24, 28 . . . ".  (Docket Nos. 52 at pp. 3-4 & 51 at
p. 9.)  The Court also considers this objection waived because it
is mentioned only once without any supporting arguments.  See
Zannino, 895 F.2d at 17; Latin Am. Music Co., 2011 U.S. Dist. LEXIS
34824, at *4; (Docket No. 52. at pp. 3-4.)

arguments waived.  See Zannino, 895 F.2d at 17; Latin Am. Music
Co., 2011 U.S. Dist. LEXIS 34824, at *4.

          The Court disagrees with the magistrate judge's
determination, at this stage of the proceedings, that the contract
was non-exclusive. (Docket No. 51 at p. 8.)  The sole issue before
the magistrate judge was whether the plaintiff fraudulently joined
defendants NAS and TSP to defeat diversity jurisdiction.  (See
Docket No. 51 at p. 1.)  To determine whether Geva fraudulently
joined defendants NAS and TSP, the magistrate judge needed only to
focus on the tortious interference claim. (Docket No. 51 at pp. 5-
7.)  In her R&R, the magistrate judge admits that "exclusivity of
contractual relationship is not an element of a tortious
interference claim."  (Docket No. 51 at pp. 8-9); see New Comm
Wireless Servs., 287 F.3d at 9.  Thus, it is unnecessary for the
Court to address the exclusivity issue at this time because it is
not a part of the fraudulent joinder inquiry. See Smallwood, 385
F.3d at 573 ("[s]ince the improper joinder inquiry is to determine
whether or not the in-state defendant was properly joined, the
focus of the inquiry must be on the joinder, not the merits of the
plaintiff's case.").  Therefore, the Court **MODIFIES** the magistrate
judge's findings to remove the determination of exclusivity from
the record. (Docket No. 51 at p. 8.)

### 4.   Plaintiff's Objections

On December 31, 2011, Geva filed an objection to the R&R. (Docket No. 53.)  The objection, however, was filed untimely (Docket No. 51), so the Court will not consider the plaintiff's arguments.[5]  See Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011) ("A party's failure, on account of ignorance or neglect, to timely oppose a motion in the district court constitutes forfeiture.") (citing Rivera-Torres v. Ortiz-Velez, 341 F.3d 86, 102 (1st Cir. 2003)).

### 5.   Defendant's Reply to Plaintiff's Objections

On January 17, 2012, the defendant filed a reply to the plaintiff's objections. (Docket No. 56.)  The defendant failed to obtain leave of the Court before filing the objection, pursuant to the local rules of this Court; thus, the Court will not consider arguments contained in defendant's reply, either.  Loc. Rule 7(c); see Miguelachuli v. R.G. Premier Bank of P.R., No. 10-1730, 2011 U.S. Dist. LEXIS 83923, at *17, fn. 12 (D.P.R. Apr. 26, 2011) ("No replies to the objections to an R&R will be allowed without leave of Court, as provided by Local Rule 7(c)."); La Carpa Corp. v. Baer, No. 09-2014, 2010 U.S. Dist. LEXIS 105259, at *3 (D.P.R.

---

[5] While the Court has not considered the plaintiff's objection to the R&R, the defendant's argument in its Objection to the R&R required the Court to address the magistrate judge's determination of non-exclusivity for the contract, as discussed above. (Docket Nos. 52 at pp. 7, 9 & 51 at p. 8.)

Civil No. 11-1671 (FAB)                                            16

Sept. 30, 2010) (defendant's opposition to the plaintiff's objections to an R&R was not "considered as the same was filed without leave of Court, as provided by Local Rule 7(c).").

## III. Conclusion

The Court has made an independent examination of the entire record in this case, including defendant's objection to the R&R, and **ADOPTS** the magistrate judge's findings and recommendations as the opinion of this Court, but the Court **MODIFIES** the magistrate judge's findings to remove the determination of exclusivity from the record. Accordingly, plaintiff Geva's motion to remand to state court is **GRANTED.** This case is **REMANDED** to the Court of First Instance of Puerto Rico, San Juan Superior Division. Judgment shall be entered accordingly.

The remaining motion pending before the Court, Docket No. 21, is mooted by the remand and accordingly is terminated.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, February 24, 2012.

                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE